**CEDARVILLE LUMBER COMPANY, Plaintiff-Appellee, v. DEMENT, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 548.  Decided October 20, 1955.

Wead & Aultman, Xenia, for plaintiff-appellee.
Aultman, Shaw & Cox, Xenia, for defendant-appellant.

(MILLER, PJ, CONN, J, of the Sixth District, sitting by assignment, in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment for the plaintiff in the sum of $430.60 with interest and costs upon a directed verdict.

Plaintiff's cause of action was on a book-account for building materials and supplies furnished to defendant. Defendant answered. The first defense was a denial that the statement of account attached to plaintiff's petition was a correct statement of account between plaintiff and defendant. The second defense was a general denial. By way of cross-petition defendant averred that there was a contract between him and plaintiff whereby plaintiff agreed to furnish all of the lumber and materials, except masonry work, needed in the construction of a barn by the defendant on the farm of a Mr. Ross near Westerville, Ohio, for the sum of $4,500.00; that defendant had paid to the plaintiff the full amount which he was obligated to pay and that there was nothing due or owing to the plaintiff; that plaintiff failed to furnish all the lumber and materials, but furnished only part, and averred that he was required to use old lumber to his damage in the sum of $470.00 and that materials of the value of $128.00 had not been furnished by the plaintiff under the contract. Defendant prayed for judgment in the sum of $598.00. Plaintiff replied denying any special contract as pleaded in the cross-petition.

Plaintiff in chief, called the defendant for cross-examination. It was developed that the contract set up in defendant's cross-petition was oral. Defendant testified further that plaintiff did not furnish all the materials which it had agreed to furnish, that although there was no blue print of the barn which was to be erected, there was a set of working plans from which Mr. Haines of plaintiff company could take off the necessary material to be furnished for the erection of the barn. Defendant said that he had settled in full of his obligation under the contract. That he had paid $2000.00 when the job was about two-thirds

completed, and $2500.00 after it was completed and settlement was made, and at that time, no balance was due plaintiff. At the conclusion of defendant's testimony on cross-examination, counsel for plaintiff moved that the cross-petition be dismissed for the reason that by §8383 GC and §8384 GC, the contract sued upon in the cross-petition being in an amount over $2500.00 for the sale of personal property to be enforceable must have been in writing. The Court sustained the motion.

Later, after plaintiff had rested, defendant and another witness offered testimony that a conference had been held between defendant, Mr. Haines, for plaintiff company, and several others, at which time a sketch of the barn to be erected together with a bill of materials which had been prepared by Mr. Haines, was considered and the price of maaterials to be furnishd by plaintiff made. When a question was put to the witness, Dinnen, as to what was said in the conversation between him and Mr. Haines, objection was interposed which was sustained.

There was no material difference in the testimony as to the delivery onto the job of the items set forth in the book-account. Defendant did not admit the price thereof as set out in the charges for the items to be correct and Mr. Dinnen questioned the delivery of articles for which the charge of about $63.00 had been made. At the conclusion of all the testimony, plaintiff moved for a directed verdict in its favor for the sum of $430.60. The motion was sustained, the Court saying:

"The statute in this state provides under certain circumstances like this, as the Court views it, that any contract in reference to these matters which is $2500.00 or more has to be in writing and signed by the parties charged therewith, and there was no written contract or memorandum that the goods were to be furnished for forty-five hundred dollars. So that isn't a good defense to this action in the opinion of the Court."

Three errors are assigned which test the rulings of the Court in refusing to admit evidence to show that the contract which defendant sued upon had been taken out of the statute, §8384 GC by complete performance and in directing the jury to return its verdict for the plaintiff for the amount prayed.

As we reconcile the pleadings and the evidence, the plaintiff sued upon a book-account, which in the answer was denied in all particulars. Defendant in his testimony admitted the delivery of the articles substantially as set out in the account. But by his answer and cross-petition and his testimony, defendant specifically denied that the materials and supplies were delivered under the contract implicit in the book-account and asserted that they were delivered under the specific oral contract set up in the cross-petition.

The applicable sections are §8383 GC, now §1315.04 R. C. and §8384 GC, now §1315.05 R. C., the former providing that subject to §§1315.01 to 1315.76 R. C., a contract to sell or a sale may be made in writing, or by word of mouth, or partly in writing and partly by word of mouth, or may be inferred from the conduct of the party.

Sec. 8384 GC, now §1315.05 R. C. reads:

"A contract to sell or a sale of any goods * * * of the value of $2500.00 or upwards is not enforceable by action unless the buyer ac-

**cepts part of the goods,** * * * so contracted **to be sold,** or sold, **and actually receives them,** or gives something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale is signed by the party to be charged or his agent in that behalf." (Emphasis ours.)

The Court failed to give consideration to the emphasized portions of §8384 GC. Upon defendant's pleadings and the testimony in his behalf, if true, the exceptions to the obligation that the contract sued upon be in writing appeared and the oral contract, though in excess of $2500.00 was valid.

**Sec. 8384 GC** incorporates the well recognized rule that part performance of an oral contract avoids the statutory requirement that it be in writing.

The respective theories of the parties in this case are well defined both by the pleadings and the evidence. Plaintiff contends that the materials were furnished under a book-account. Defendant insists that they were not so furnished but were delivered under an express oral contract as pleaded. Upon the facts as pleaded and developed by the defendant, in the words of the statute, he had accepted part of the goods sold under the contract and actually received them.

Though it is clear that the testimony respecting the special contract upon which defendant relied was admissible on the averments of his cross-petition, it is probable that it was also admissible under the general denial of his answer. Bates Pleadings, Practice, Parties and Forms, Volume II, page 1283 has this to say on the subject:

"Under a general denial, defendant can offer any evidence going to controvert the facts which plaintiff must establish. * * * As that the contract was never made. * * * That the actual contract differs from that declared on."

**1 O. Jur. page 189:**

"As shown above the statements prescribed by the statute for an action in a short form (Book-account) are the equivalent of and imply all that would otherwise be necessary to allege in the statement of a sufficient cause of action. Every fact thus averred by implication is traversed and put in issue by the general denial."

Citing **Dykeman v. Johnson, 83 Oh St 126.**

In **Simmons, et al v. Greene, 35 Oh St 104,** the action was to recover damages for breach of contract which was pleaded. The answer set up a different contract than pleaded in the petition. The Court in the first syllabus says:

"In an action to recover damages for the breach of the contract, averments in the answer setting up a different contract are immaterial except as they operate to deny the making of the one sued on. Such averments do not constitute new matter, and require no reply."

The errors assigned are well made. The judgment will be reversed and cause remanded for a new trial.

MILLER, PJ, CONN, J, concur.